## DONNELLY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. July 17, 1900.)

MUNICIPAL CORPORATIONS—SALARY OF ENGINEER OF STEAMERS.

Under Greater New York Charter, § 740, providing that the annual salary of engineer of steamers shall be $1,600, and that any fireman of the uniformed force in the city of Brooklyn whose salary falls between any two of the grades established by the charter shall within three years have his salary made equal to the salary of the first grades, by equal annual additions, one who was an engineer of steamers in the fire department of the city of Brooklyn when the charter of the consolidated city went into effect, receiving a salary of $1,400 a year, is only entitled to the $1,400 salary for the next three years, together with the three equal annual additions of $66.66 each.

Appeal from special term, Kings county.

Action by Felix Donnelly against the city of New York. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

James C. Church, for appellant.

William J. Carr (Luke D. Stapleton, on the brief), for respondent.

HIRSCHBERG, J. This action is brought to recover the sum of $133.24, to which the plaintiff deems himself entitled as additional pay or salary attaching to his position as engineer of steamers in the fire department of the city of New York for the year 1898. He was an engineer of steamers in the fire department of the city of

Brooklyn at the commencement of the year when the charter of the consolidated city went into effect, receiving a salary of $1,400 per annum, and claims that by virtue of section 740 of the charter of the city of New York his salary became fixed at once at $1,600. The defendant claims, on the contrary, that three annual additions, of $66.66 each, are required, under the terms of the section referred to, in order to bring the plaintiff's salary up to the sum of $1,600, and, having paid him the sum of $1,400, with the first addition of $66.66, has refused to pay the difference, viz. $133.24, for which the plaintiff sues.

Section 740 of the charter reads as follows:

"The ranks and salaries of officers of the fire department shall be as follows: Chief of department, whose annual salary shall be not more than six thousand dollars, nor less than five thousand dollars; deputy chiefs of department, whose annual salary shall be not more than four thousand five hundred dollars, nor less than three thousand five hundred dollars; battalion chiefs, whose annual salary shall not be more than three thousand five hundred dollars, nor less than two thousand seven hundred and fifty dollars; captains or foremen of companies, whose annual salary shall not be more than two thousand five hundred dollars, nor less than eighteen hundred dollars; lieutenants or assistant foremen of companies, whose annual salary shall not be more than eighteen hundred dollars, nor less than one thousand five hundred dollars; engineers of steamers, whose annual salary shall be one thousand six hundred dollars. From and after January first, eighteen hundred and ninety-eight, the uniformed members of the fire department who are firemen shall be divided into four grades, to wit, first, second, third and fourth, and shall receive an annual pay or compensation as follows: Members of the first grade, fourteen hundred dollars; members of the second grade, twelve hundred dollars; members of the third grade, one thousand dollars, and members of the fourth grade, eight hundred dollars. The members of the uniformed force who are appointed after January first, eighteen hundred and ninety-eight, shall be assigned to the fourth grade; after one year of service in the fourth grade, they shall be advanced to the third grade; after one year of service in the third grade, they shall be advanced to the second grade; after one year of service in the second grade, they shall be advanced to the first grade; and they shall in each instance receive the annual pay or compensation of the grade to which they belong as herein provided. All persons who, when this act takes effect, are firemen in the uniformed force of the fire department of the corporation heretofore known as the mayor, aldermen and commonalty of the city of New York, or of the city of Brooklyn, or of the corporation heretofore known as Long Island City, shall thereupon become firemen of that grade having a salary thereto attached equal to the salary or compensation paid such firemen, respectively, at the time of the taking effect of this act: provided, however, that any such fireman who has been a member of the uniformed force in the city of Brooklyn, or in Long Island City, whose salary falls between any two of the grades hereby established, shall within three years have his salary made equal to the salary of the first grades by equal annual additions. Nothing in this section contained shall be construed to change in any way the salaries or grading, present or prospective, of the firemen who are or shall become members of the uniformed force of the New York fire department prior to January first, eighteen hundred and ninety-eight; and nothing in this section contained shall be construed to affect in any other way than as provided herein the rights and privileges secured under the provisions of this act to uniformed members of the various fire departments, consolidated into one department by this act. The pay or compensation of the officers of the fire department and each of them mentioned in the first paragraph of this section, and also the pay or compensation of district engineers and officers ranking as such, and of any other officers who, when this act takes effect, belong to the uniformed force of either of the fire departments hereby consolidated into one department, shall be and remain fixed at the amount which they and each of them were

severally receiving or entitled to receive from the respective municipal corporations in whose employ they were prior to the taking effect of this act: provided, however, that the salaries of all such officers in either of said fire departments other than the New York department, so consolidated into one department, shall be made equal to the salaries of corresponding officers in said New York department, within three years from January first, eighteen hundred and ninety-eight, by equal annual additions; and provided further that if the difference in the pay received by such officers and the pay received by corresponding officers of the New York fire department as heretofore existing, is not more than fifty dollars, when this act takes effect, the pay shall be equalized at once. The pay or compensation aforesaid shall be paid monthly to each person entitled thereto, subject to such deductions each month from the pay or compensation of said persons as are or shall be authorized by law or by this act; and no pay or compensation shall be allowed or paid to any such fireman or officer, except as in this section provided for and declared, any other law to the contrary or otherwise notwithstanding."

The plaintiff's contention is that the plain spirit and intent of this provision of the charter are to make the salaries of engineers of steamers of the former city of Brooklyn uniform with those of the former city of New York, at the rate of $1,600 per annum, immediately upon the charter taking effect. This intention is deduced from the fact that in the section referred to the salaries of all officers of the fire department, other than engineers of steamers, is fixed at a maximum and minimum rate, with discretion vested in the municipal authorities to select a sum between the two, while in the case of engineers of steamers the "annual salary shall be one thousand six hundred dollars." Because of this discrimination it is argued with considerable force that the intent was that no latitude should be allowed the authorities, and that the salary of the officers named, viz. engineers of steamers, became fixed at once at the sum of $1,600. If this were all of the section, the argument would be conclusive and controlling. But it is a familiar rule of construction that a statute is to be taken entire, and that effect is to be given, if possible, to each and every provision. There is no necessary inconsistency in the subsequent provisions of section 740, providing that the equalization of salaries shall be accomplished by equal annual additions covering a period of three years, with an absolute provision that the salary of engineers of steamers shall be $1,600. In fixing the salaries of officers of the fire department in the consolidated city, the charter was speaking for all time, and for reasons not apparent, but presumably sufficient, the legislature determined that the salaries of engineers of steamers should be just $1,600, while with respect to other officers the municipal corporation was vested with authority to adopt a rate between two designated sums. But when the rates should be fixed for the greater city, in the case of engineers of steamers by the legislative act, and in the case of the other officers by the contemplated municipal act, equalization was to be effected where the discrepancy was only $50 by an immediate increase, and where it was greater by three equal annual increases. There is no argument which would permit an immediate increase of the plaintiff's salary from $1,400 to $1,600 upon the taking effect of the charter which would not equally apply to the other officers named in the section as soon as the local legislature had determined the amount of their

respective salaries. Upon such determination the amount of such salaries would be as effectively and as lawfully designated as though specifically named in the charter itself. Yet although such sums, when thus determined, would at once be and become the salaries for the respective positions, just as $1,600 is made at the inception of the charter's life the fixed salary of engineers of steamers, the probationary period of augmentation in every instance must pass before any official receiving a lesser sum from the municipal corporation by which he was employed prior to consolidation can receive the maximum salary ordained for the officials of the greater city. This construction is in harmony with the scheme of the entire section, and gives effect to each and every provision. This construction accords with the general scheme of the charter. In the case of the police department it will be found that by section 299 the salaries of the officers are fixed by the charter at designated figures, and not at a sum to be selected between maximum and minimum amounts. By the same section the salaries of officers transferred by the adoption of the charter from the former constituent municipality to the greater city are not to be equalized at once unless the difference is more than $50, but the pay is to be made uniform within three years by equal annual additions. This provision with reference to the officers of the police department, where no latitude exists as to the amount of the salary, and where the legislative intent is manifest that the salary fixed by the charter shall not be paid at once to the officer who has been transferred by consolidation of the municipalities, would seem to indicate that a like intent existed in reference to the officers of the fire department. There would be no question whatever if the salaries of all the officers mentioned in section 740 were fixed and determined at stated and designated sums. In that case it would not be pretended that there was any conflict in the various provisions of the section. And no conflict arises from the mere fact that the pay of but one set of officers is specifically fixed by the charter. The difference in treatment and consideration must relate to the amount of the salary only, and not to the date or time when it will become due and payable.

The judgment of the supreme court was in favor of the defendant, and it should be affirmed, with costs. All concur.

