THOMAS McEVOY, Respondent, *v.* THE CITY OF NEW YORK,
Appellant.

*Pleading — effect of a denial of " each and every allegation to the contrary in said
complaint contained."*

The complaint, in an action brought against the city of New York by an employee
thereof to recover his wages for a certain period, alleged that a writ of man-
damus had been issued, pursuant to an order of the Supreme Court, directing
the proper officer of the city of New York to certify to the comptroller that
the plaintiff was entitled to his wages for that period, and that such officer did
so certify, but that the comptroller refused to pay the amount so certified.
The answer alleged that the plaintiff had been removed from his position
during the entire period for which he sought to recover wages and did not
render any services; that another person, appointed and employed by the city,
occupied the position and discharged its duties during such period, and was
paid therefor.   The answer further stated, "It alleges the facts to be as above
stated, and denies each and every allegation to the contrary in said complaint
contained."

*Held,* that there was no denial that the order was made and the writ of mandamus
issued, which, being admitted, the plaintiff's right to recover in the action could
not be questioned.

APPEAL by the defendant, The City of New York, from a judg-
ment of the Supreme Court in favor of the plaintiff, entered in the
office of the clerk of the county of New York on the 12th day of
June, 1900, upon the verdict of a jury rendered by direction of the
court.

*Terence Farley,* for the appellant.

*Roger Foster,* for the respondent.

PATTERSON, J.:

The plaintiff, a watchman in the employ of the city of New
York in the Croton aqueduct division of the water supply depart-
ment, sued to recover wages he claimed to be due him for a
fixed period, and in his complaint set forth that he was appointed
to that position in the year 1888, and accepted the same; that
he performed the duties thereof until February, 1899; that he
has since, and at the time of the institution of the action,
still occupied the same position; that his wages were two dollars

and fifty cents a day, due him so long as he held the position,
and that he received payment thereof until the 3d of January,
1899; that on the 4th of April, 1899, the Supreme Court of the
State of New York made an order and in pursuance thereof issued
a writ of mandamus, directed to the commissioner of water supply
of the city of New York and to the deputy commissioner of the
borough of Manhattan in the city of New York, requiring them to
certify to the comptroller of the city of New York upon the pay-
roll of the department of water supply that the plaintiff was entitled
to $2.50 a day from January 3, 1899, to May 18, 1899, in the aggre-
gate $337.50 for 135 days, and that the commissioner and deputy
commissioner in obedience to the writ of mandamus did so certify,
but the comptroller of the city of New York has refused to pay
any part of the amount so certified except $22.50; that the claim
of the plaintiff was duly presented to the comptroller of the city
of New York, who has neglected and refused to pay the same.
Annexed to the complaint and set out *in extenso* are copies of the
order for the mandamus and of the writ. The answer of the defend-
ant admits the original appointment of the plaintiff as a watchman
as alleged in the complaint, but on information and belief denies
that the plaintiff occupied that position continuously or during all
of the times since he was so appointed, or that he has rendered such
services for the defendant during all of said time; but on the con-
trary, on information and belief that he was removed from his said
position as watchman on the 4th of January, 1899, and did not act
as such watchman or render any services thereafter as said watch-
man until after the 8th of May, 1899, when he was restored to his
position of watchman, and that during all of the time between the
4th of January, 1899, and the 8th of May, 1899, another person,
*duly appointed* and employed by the defendant, occupied said
position and discharged the said duties of watchman, being the
duties of the same position which the plaintiff was before and after-
ward employed to discharge, and that before the plaintiff was
restored to said position of watchman, the defendant, in good faith,
paid the person so discharging the duties of watchman between
January 4, 1899, and the 8th day of May, 1899, in full for services
at the rate of $2.50 per day. The answer then contains this aver-
ment, namely: "It alleges the facts to be as above stated, and

denies each and every allegation to the contrary in said complaint contained."

It is now urged that the plaintiff was not entitled to a verdict because of a failure to prove the allegations of the complaint respecting the issuance of the order for the mandamus and the writ. It was unnecessary for the plaintiff to do so under the pleadings. There is no denial of the allegations of the complaint relating to them. The answer denies merely each and every allegation of the complaint contrary to what is alleged in the answer. It is not alleged in the answer that the order was not made and the writ of mandamus not issued. There is no general denial in the answer and the quoted allegation put nothing in issue respecting the adjudged rights of the plaintiff under the writ of mandamus. By the adjudication made when the writ was issued it was determined that the plaintiff was entitled to his position as watchman and to his salary, and the requirement was made that his name be put upon the payroll in order that he might receive his salary. In the face of that adjudication we do not see how the plaintiff's right to recovery can be questioned. But even if that were not so, the defendant failed to prove that the plaintiff's position from the 4th of January, 1899, to the 8th of May, 1899, was filled by another appointee, to whom the wages or salary of that position was paid, or who was paid for rendering the same service. One of the defendant's witnesses testifies that during this interval another man, subsequently identified as one Coogan, did the same class of work that the plaintiff was engaged to do, that is, the work of a watchman; that there were seven watchmen altogether, and that after the plaintiff's removal seven persons were engaged in doing the same work, and that each of those persons was paid by the city. But this witness was not willing to swear that there were more than six watchmen after the plaintiff's removal. There were seven men who did the work of watchmen, but one of them may have been under some other title. Another witness, who was keeper of the reservoir (at which place the plaintiff had always worked), swore there were seven men, including McEvoy, who were watchmen at that place, and that Coogan was working there before and after the plaintiff was removed; that there were only six watchmen after the plaintiff went away; that Coogan was doing the same work, but this same

witness, in answer to a direct question by the court as to how many men patrolled the reservoir before the plaintiff was removed, gave the following answer : " There were *eight* before and *seven* afterwards." This witness also stated that before McEvoy left there were seven watchmen, and that the eighth person was patrolling, but that he did not call him a watchman ; that he was not appointed as a watchman ; that he was an assistant foreman.

The proof shows there were eight persons doing patrolling or watching before January fourth ; that between January 4 and May 18, 1899, there were only seven persons, and it is impossible to infer from this evidence that the plaintiff's position as watchman was filled by somebody else and that the salary as such was paid to that other person. There is no evidence that any new man was appointed, and the plaintiff was entitled to the direction of a verdict.

The judgment should be affirmed, with costs.

RUMSEY, O'BRIEN and MCLAUGHLIN, JJ., concurred ; VAN BRUNT, P. J., concurred in result.

Judgment affirmed, with costs.