(34 Misc. Rep. 582.)

### MARTIN v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County.  April, 1901.)

PARK POLICE—COMPENSATION—INCREASE AFTER CONSOLIDATION.

A doorman of the former park police of the city of New York, who has been adjudged, on an application for a writ of mandamus, to be entitled to such position and salary, and who before consolidation received $2 per day, is not entitled, under the charter of New York (Laws 1897, c. 378, § 299), providing that the annual salary of doorman shall be $1,000, to the full salary of $1,000 for the first year after consolidation, but only to the rate of $2 per day and one-third of the increase between such sum and the $1,000, under the last subdivision of such section, which provides that salaries of all officers so transferred shall be equalized on the same basis.

Action by James Martin against the city of New York to recover salary as doorman of police force of such city. Judgment for plaintiff. Motion to reduce the same. Granted.

John Whalen, Corp. Counsel (Terence Farley, of counsel), for the motion.

Louis J. Grant, opposed.

GIEGERICH, J. It having been adjudged by the writ of mandamus that the plaintiff is entitled to the position of doorman, and to the salary thereof (McEvoy v. City of New York, 56 App. Div. 222, 224, 67 N. Y. Supp. 593), the question arises what compensation he is entitled to. Prior to the 1st day of January, 1898, the plaintiff was appointed a doorman by the commissioners of public parks, under power and authority vested in them to appoint and maintain a park police force, which, on the day last mentioned, by virtue of provisions of the Greater New York charter, was merged in, and became part of, the police force of the city of New York. When such consolidation took place, plaintiff was receiving compensation at the rate of $2 per day. Section 299 of the Greater New York charter provides that the annual salary of a doorman shall be $1,000. The plaintiff contends that he became entitled to compensation at that rate immediately upon the new charter taking effect, while the defendant urges that the plaintiff is not entitled to recover more than $2 a day, or, if ultimately entitled to recover at the rate of $1,000 per year, that he is, at all events, for the first year, entitled to only one-third of such increase, pursuant to the last subdivision of section 299, which provides that:

"Salaries of all officers in the forces so transferred other than officers of the New York police prior to January 1, 1898, shall be equalized on the same basis. If the difference in pay is not more than $50 the pay shall be equalized at once. If the difference is more than $50 the pay shall be made uniform within three years by equal annual additions."

Taking section 299 in its entirety, and giving effect to all its provisions, it is clear that the legislature intended that the maximum salaries therein provided to be paid to various "officers" of the police force, including doormen, should not be paid to officers transferred from forces other than the New York police force, and whose compensation was relatively lower, until the probationary period of augmentation has passed. Donnelly v. City of New York, 53 App. Div. 447, 65 N. Y. Supp. 1030, affirmed in 166 N. Y. ——, 59 N. E. 1121. It results from these views that the plaintiff is entitled to receive compensation only at the rate of $2 per day, together with the first annual addition as prescribed by section 299 of the charter, instead of the maximum rate of $1,000 per year. The judgment will therefore be reduced accordingly, and to such sum as may be found to be due upon the settlement of the order, of which two days' notice shall be given.

Ordered accordingly.